UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMER GARCIA-MEDINA #408781,

    Petitioner,

v.

KENNETH T. McKEE,

    Respondent.

                                     /

Case No. 1:09-CV-36

HON. ROBERT HOLMES BELL

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On January 17, 2014, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Elmer Garcia-Medina's § 2254 petition for writ of habeas corpus be denied on its merits. (Dkt. No. 32, R&R.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 35.)

This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed de novo, this Court must review the state

court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

The first claim in Petitioner's habeas petition is ineffective assistance of trial counsel based on counsel's failure to request instructions on imperfect self-defense and the lesser included offense of voluntary manslaughter. The Magistrate Judge recommended that Claim One be denied because the evidence did not support the self-defense and voluntary manslaughter instructions. In his objections, Petitioner does not challenge the Magistrate Judge's conclusion regarding the insufficiency of the evidence to support the instructions. Instead, he contends that counsel was ineffective for failing to put Petitioner on the stand to testify to facts that would support these instructions. Petitioner also contends that trial counsel was ineffective for failing to move to suppress the testimony of Natalie Delarosa, Petitioner's custodial statements, and Petitioner's letter, and that trial counsel was ineffective for failing to have electrostatic enhancement testing done to determine whose fingerprints were on the bullets. These issues are not cognizable on habeas review because they exceed the scope of the ineffective assistance of counsel claims[1] identified in Petitioner's habeas petition. Petitioner is not permitted to raise at the district court stage new arguments or issues that were not presented to the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)(citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998)); *see also*, *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir.1996) ("[I]ssues raised for the first

---

[1]Petitioner's other claims of ineffective assistance of trial counsel are based on counsel's failure to call a listed alibi witness (Claim four), and his failure to obtain translation assistance (Claim Six).

2

time in objections to magistrate judge's report and recommendation are deemed waived.")). In addition, these issues are not cognizable on habeas review because Petitioner has not exhausted his state court remedies with respect to them. 28 U.S.C. § 2254(b).

The Magistrate Judge recommended that Petitioner's claims based on newly discovered evidence (Claim Three and Claim Five) be denied because the state court properly denied Petitioner's argument where there was no evidence to show who the witness was or what part of the testimony had been recanted. In his objections, Petitioner asserts that the trial court abused its discretion by denying him an extension of time to present Escobar's affidavit relating to his recantation, and that the use of Escobar's perjured testimony to obtain a conviction violates the Due Process Clause.

Petitioner's objections are not persuasive. First, Petitioner has not established cause for failing to present Escobar's affidavit to the state court for its consideration. Second, on de novo review, this Court agrees with the Magistrate Judge that Escobar's changed testimony would have had no bearing on the outcome of Petitioner's case in light of the substantial evidence of Petitioner's guilt. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 35) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the January 17, 2014, Report and Recommendation of the Magistrate Judge (Dkt. No. 32) ) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

Dated: March 26, 2014                               /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE